COMMONWEALTH *vs.* DENNIS C. REDDY. June 15, 2010. *Habitual Offender. Practice, Criminal,* Indictment, Dismissal, Promise by prosecutor.

The defendant, a man of many prior convictions and incarcerations, was charged in District Court complaints with breaking and entering in the nighttime, malicious destruction of property, conspiracy, and possession of a burglarious instrument. Six weeks after his arrest, he offered to plead guilty to those charges. The prosecutor acceded to the defendant's offer, but would not agree

---

[1]Judith Picciotto and Melita Picciotto.

to recommend anything less than the maximum period of incarceration that the District Court judge could impose (two and one-half years in a house of correction) on each offense. The defendant then entered his pleas and sought a more lenient outcome, requesting that he be sentenced to fifteen months on each offense, such sentences to run concurrently with each other, and with a sentence he was likely to receive in connection with a parole violation then pending against him (and for which a detainer had been lodged).[1]

After the judge explained to the defendant that she could not in any event impose a sentence that would run concurrently with a sentence that had not yet been imposed (and over which she had no jurisdiction), the defendant (after consultation with counsel) chose to withdraw his pleas of guilty rather than agree to have the matter continued for sentencing after the resolution of the parole violation. The judge advised the defendant that the case would consequently be set down for trial, but she was persuaded (by the defendant) to continue the case for another change of plea with the explicit directive that "it's going to be within thirty days." The case subsequently appeared on the court calendar on several occasions.[2] There was no change of plea. Six months later a grand jury returned indictments charging the defendant with breaking and entering in the nighttime, larceny, possession of burglarious instruments and being a habitual offender. The latter charge carried with it a mandatory twenty-year prison term. See G. L. c. 266, § 16; G. L. c. 279, § 25.

A judge in the Superior Court subsequently allowed the defendant's motion to dismiss the habitual offender indictment on grounds of fundamental fairness and due process, concluding that although the Commonwealth had acted neither vindictively nor unfairly in its dealings with the defendant, the defendant had, to his detriment, reasonably relied on the opportunity offered by the Commonwealth to resolve his case in the District Court. The Appeals Court reversed the dismissal, concluding from the same record that there had been no prosecutorial promise to leave the case open indefinitely beyond the change of plea date set by the court after the defendant offered and then chose to withdraw his pleas, nor any promise to refrain from seeking future indictments. *Commonwealth* v. *Reddy*, 74 Mass. App. Ct. 304, 307 (2009). We agree.

The prosecutor's willingness to allow the defendant to resolve the matter quickly by pleading guilty in the District Court contained no guarantee or assurance that there would be no indictment in the future if the pleas were withdrawn and the matter lay fallow. The defendant withdrew his pleas for strategic reasons in an attempt better to position himself for either a more favorable resolution of the parole violation or a more favorable sentencing outcome in the District Court, or both. That this strategy failed in its execution is not something for which the Commonwealth was responsible. There was no promise, explicit or implied, with regard to what would happen in that

[1]The defendant was on parole from a prison sentence, imposed in 1995 on a conviction of burglary, of from nineteen to twenty years. In addition to being on parole, the defendant was also on probation for other offenses.

[2]According to the District Court docket, the case was continued to August 16, 2005, for a change of plea. It then appeared on the court calendar for what appears to be pretrial conferences on September 12, 2005; November 4, 2005; December 20, 2005; and February 9, 2006. For each of these scheduled events, the docket states that a mittimus was issued for the defendant to be brought to court. The complaints were subsequently dismissed in March, 2006, after the indictments were returned.

event on which the defendant reasonably could have relied. See, e.g., *Commonwealth* v. *Spann*, 383 Mass. 142, 144 (1981) (prosecutor's stated intention to proceed with probable cause hearing not properly construed as promise to refrain from seeking indictment).

The order dismissing the habitual offender indictment is reversed.

*So ordered.*

*Cynthia Vincent Thomas* for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.